**NOT RECOMMENDED FOR PUBLICATION**
File Name: 16a0269n.06
No. 15-3596

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
May 17, 2016
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| PHILLIP T. DAVIS, | ) | COURT FOR THE NORTHERN |
| | ) | DISTRICT OF OHIO |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: BOGGS, GIBBONS, and GRIFFIN, Circuit Judges.

PER CURIAM.

Defendant Phillip Davis pleaded guilty to two counts of distributing controlled substances in violation of 21 U.S.C. § 841, and the district court sentenced him to 120 months of imprisonment. The sole issue on appeal is whether the district court erred in designating Davis as a "career offender" pursuant to U.S. Sentencing Guidelines § 4B1.1 in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015) (invalidating as unconstitutionally vague the "residual clause" of the Armed Career Criminal Act, 18 U.S.C. § 924(e)). For the reasons set forth in our recent decision in *United States v. Pawlak*, No. 15-3566, slip op. at 2−13 (6th Cir. May 13, 2016) (holding an identical "residual clause" in the U.S. Sentencing Guidelines unconstitutionally vague), and upon the government's concession of prejudicial sentencing error, we vacate Davis's sentence and remand for resentencing.